# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD HARDAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 2818 |
| | ) | |
| v. | ) | Honorable John Z. Lee |
| | ) | Judge Presiding |
| ANDRE S. MILES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ANDRE MILES**

Defendant, Andre Miles, by and through his attorney Lisa Madigan, Attorney General of Illinois, hereby respond to Plaintiff's First Set of Interrogatories to Defendant Andre Miles, as follows:

**INTERROGATORIES**

1.  Please identify any and all of your employment records with the Illinois Department of Corrections, including disciplinary records, investigations, and reports of complaints by inmates.

    **ANSWER:** Objection. This request is overly broad in scope and time, is not proportional to the needs of this case pursuant to Rule 26, and seeks the disclosure of information not relevant to any claims or defenses asserted in this litigation. Responsive documents may exist, but Defendants will conduct no further inquiry based on the above objections.

2.  Please state in detail your itinerary at Stateville Correctional Center on each day from December 22, 2015 to December 31, 2015. Include the area of the correctional center where you were assigned or stationed, each place at which you were present, your length of stay at each such place, and a detailed account of whom you saw and what you did at each such place.

    **ANSWER:** Defendant worked at Stateville on December 22, 2015 to December 24, 2015. On December 22, 2015 and December 24, 2015, Defendant worked as a Correctional Officer on the 7am-3pm shift in D and E Wing at Stateville. Further answering, on December 23, 2015 Defendant worked as a Correctional Officer on the 7am-3pm shift but does not recall the location in which he worked at Stateville.

3. Describe (by date and content) all conversations you had with Hardaman regarding his physical condition, health, and requests to see a healthcare provider during each shift in or visit to the E wing of Stateville from December 22, 2015 to December 26, 2015 and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Defendant does not recall any conversations with Hardaman from December 22, 2015 to December 24, 2015. Further answering, Defendant had no conversation with Hardaman from December 25, 2015 to December 31, 2015.**

4. Describe Hardaman's observable physical condition during each shift in or visit to the E Wing of Stateville from December 22, 2015 to December 26, 2015, including but not limited to, whether he was sweating profusely, exhibiting signs of a headache, vomiting, showing signs of dizziness, and/or developing hives, and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Defendant does not recall any interactions with Hardaman from December 22, 2015 to December 24, 2015. Further answering, Defendant had no interactions with Hardaman from December 25, 2015 to December 31, 2015.**

5. Please identify all persons known to you to have personal knowledge of the facts pertaining to the occurrence, including but not limited to the correctional officer who first obtained medical attention for Hardaman. Indicate those who were eye witnesses, state the substance of each person's knowledge and articulate their expected testimony. For each identified person, please provide the individual's full name and current address?

**ANSWER: See Defendant's initial Rule 26(a)(1) disclosures. As discovery is ongoing, Defendant reserves the right to seasonably supplement both this response and the Rule 26(a)(1) disclosures pursuant to Rule 26(e).**

6. Explain what you did, if anything, in response to Hardaman's request to receive medical attention as alleged in the complaint, and why he did not receive said medical attention until December 26, 2015. Please include a description of what efforts, if any, you made to obtain medical attention for Hardaman at any time from December 22, 2015 to December 26, 2015. Identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This Interrogatory is vague and calls for a narrative better suited for oral testimony. Answering subject to and without waiving said objections, Defendant does not recall any interactions with Hardaman from December 22, 2015 to December 24, 2015. Further answering, Defendant had no conversation with Hardaman from December 25, 2015 to December 31, 2015. Defendant, as a Correctional Officer has no authority or control for when an inmate receives medical attention.**

7. Describe (by date and content) any and all communications you had with Stateville healthcare providers regarding Hardaman during your shifts at Stateville from December 22,

2

2015 to December 26, 2015 and identify by bates number every document referring to or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This Interrogatory is overly broad in scope and seeks the disclosure of information not relevant to any claims or defenses asserted in this litigation. Answering subject to and without waiving said objections, Defendant does not recall any interactions with Stateville healthcare providers from December 22, 2015 to December 24, 2015. Further answering, Defendant had no conversations with Stateville healthcare providers from December 25, 2015 to December 31, 2015.**

8. If you contend that Hardaman's illness was not caused by food served at Stateville, or that his resulting injuries were not caused or exacerbated by your inaction after observing him in his state of illness, state with particularity the facts upon which you base your contention and identify by bates number every document referring to or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This request is premature and calls for a legal argument. Answering subject to and without waiving said objections, Defendant, as a Correctional Officer has no involvement with an inmates medical diagnoses.**

9. Please explain your basis for your contention in your answers to Paragraphs 1 and 5 of the complaint as well as your first affirmative defense that you did not violate Hardaman's constitutional rights. Please state with particularity the facts upon which you base this contention and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This request is premature and calls for a legal argument. Answering subject to and without waiving said objections, Defendant acted in good faith by performing his official duties as a Correctional Officer without violating Hardaman's constitutional rights.**

10. Please explain your basis for your contention in your answers to Paragraphs 1, 5, and 7 of the complaint as well as your responses to Hardaman's relief requested that Hardaman is not entitled to damages of any kind. Please state with particularity the facts upon which you base the contention that Hardaman is not entitled to monetary damages, injunctive relief, or any other form of relief, and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This request is premature and calls for a legal argument. Answering subject to and without waiving said objections, Defendant, as Correctional Officer was not personally involved in or deliberately indifferent to Plaintiff's alleged inadequate medical care.**

11. Assuming you are found liable for violating Hardaman's constitutional rights by acting with deliberate indifference towards his serious need for medical attention, please provide a calculation of the amount of the monetary damages for which you are liable. Please include

3

calculated damages for the pain, suffering, and disability that Hardaman suffered from the events pled in the complaint. Identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This request is premature and calls for a legal argument. Defendant, as Correctional Officer was not personally involved in or deliberately indifferent to Plaintiff's alleged inadequate medical care.**

12. Please explain your basis for your contention in your answer to Paragraph 8 of the complaint as well as your third affirmative defense that Hardaman has not properly exhausted his administrative remedies. Please state with particularity the facts upon which you base this contention and affirmative defense and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This request is premature and calls for a legal argument. Answering without waiving said objection, see previous disclosed documents bate stamped HARDAMAN 000001-000006.**

13. Please explain the basis for your contention in your answer to Paragraph 17 of the complaint that you did not neglect Hardaman from the dates of December 22, 2015 to December 26, 2015. Please state with particularity the facts upon which you base this contention and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This request is premature and calls for a legal argument. Answering subject to and without waiving said objections, Defendant acted in good faith by performing his official duties as a Correctional Officer without violating Hardaman's constitutional rights.**

14. Please identify the dates that Hardaman submitted grievances asserting the alleged Stateville correctional officer's conduct exhibited from December 22, 2015 to December 26, 2015 and describe with particularity the content of each grievance. Please also identify the dates that Hardaman received responses to said grievances, the individual(s) who authored each response, and describe with particularity the content of each response.

**ANSWER: See previous disclosed documents bate stamped HARDAMAN 000001-000006.**

15. Please explain the basis for your contention in your answer to Paragraph 22 of the complaint that you, as a correctional officer of Stateville Correctional Center, did not have the duty to ensure that Hardaman received medical attention for his alleged serious medical need. Please state with particularity the facts supporting this contention and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

4

**ANSWER: Objection. This request is premature and calls for a legal argument. Answering without waiving said objections, Defendant, as Correctional Officer has no authority or control for when an inmate receives medical attention.**

16. Please explain the basis for your contention in your answer to Paragraph 23 of the complaint that your alleged conduct in response to Mr. Hardaman's alleged serious medical need did not amount to deliberate indifference nor willful and/or wanton misconduct. Please state with particularity the facts supporting this contention and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: Objection. This request is premature and calls for a legal argument. Answering without waiving said objections, Defendant acted in good faith by performing his official duties as a Correctional Officer.**

17. Please explain the basis of your first affirmative defense that you are protected from liability by the doctrine of qualified immunity, including the basis for your contention that you acted in good faith in the performance of your official duties. Please state with particularity the facts supporting these contentions and identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: See response to Interrogatory #9.**

18. Identify and describe any Illinois Department of Corrections or Stateville Correctional Center policies, procedures, or guidelines in force at the time of the events pled in the complaint that relate to proper protocol for a correctional officer if an inmate submits a sick call/medical services request form or otherwise requests medical attention. Identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: The records referenced above are not in the care, custody or control of the answering Defendants. Defense counsel has put in a request to IDOC and Stateville Correctional Center for all responsive documents. Defendants will seasonably supplement this answer with any forthcoming responsive documents, if they exist. Subject to and without waiving said objections, if an inmate hands a Correctional Officer a sick call slip, the Officer places the slip in the medical folder located in the Grievance Office.**

19. Identify and describe any Illinois Department of Corrections or Stateville Correctional Center policies, procedures, or guidelines in force at the time of the events pled in the complaint that relate to proper protocol for a correctional officer if an inmate uses the emergency call system in his cell. Identify by bates number every document referring or relating to the requested information and/or your answer to this interrogatory.

**ANSWER: The records referenced above are not in the care, custody or control of the answering Defendants. Defense counsel has put in a request to IDOC and Stateville Correctional Center for all responsive documents. Defendants will seasonably supplement this answer with any forthcoming responsive documents, if they exist. Subject to and without**

**waiving said objections, Defendant, as a Correctional Officer has no involvement with an inmates emergency call system.**

19.     Identify any and all witnesses who might or will be called to testify at trial. For each such witness, identify any and all statements of the witnesses regarding any event or fact relevant to this action.

        **ANSWER:** **Objection. This request is premature. Answering subject to and without waiving said objection, see Defendant's initial Rule 26(a)(1) disclosures. As discovery is ongoing, Defendant reserves the right to seasonably supplement both this response and the Rule 26(a)(1) disclosures pursuant to Rule 26(e).**

        Dated: September 13, 2018

|  |  |
|---|---|
|  | Respectfully submitted, |
| LISA MADIGAN<br>Attorney General of Illinois | */s/ Andrew O'Donnell*<br>ANDREW O'DONNELL<br>Assistant Attorney General<br>General Law Bureau<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-4659<br>aodonnell@atg.state.il.us<br><br>*Attorney for Defendants Mile and Williams* |

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of Defendant Mile's Responses to Plaintiff's First Set of Requests for Interrogatories was served this 13th day of September, 2018, via email, upon the following:

Karl R. Fink
Email: krfink@fitcheven.com
Andrew C. Wood
Email: awood@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 2100
Chicago, Illinois 60603-3406

                                               */s/ Andrew O'Donnell*
                                               ANDREW O'DONNELL